## Isaac D. Stice v. John W. Smith and John W. Stimpson.

1. SETTLEMENTS—*When Conclusive.*—Where a party, to whom an account composed of different items is owing, accepts a payment of the bill with the exception of a disputed item, with the understanding that the debtor is to be relieved of liability upon such item, such account becomes thereby settled and the adjustment is conclusive in the absence of fraud, inaccuracy, omission or mistake.

**Memorandum.**—Assumpsit. In the County Court of Morgan County; the Hon. O. P. THOMPSON, Judge, presiding. Declaration for lumber sold and delivered; pleas of general issue and statute of frauds; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, reversed and remanded. Opinion filed October 29, 1894.

## STATEMENT OF THE CASE.

The appellees presented to the appellant for payment, a bill for lumber sold by them to the firm of McGlothlin Bros., carpenters. The carpenters had used the lumber, etc., in constructing a house for the appellant under a contract which required them to furnish material and labor necessary to complete the building. The appellant contended that he had paid $105 upon the bill. The appellees admitted that he had paid $105, as a payment upon the bill, but contended that it was paid under an agreement with appellant that the appellees should pay the money for him to certain workmen, to whom McGlothlin Bros. were indebted for labor done on appellant's building, and that they did so apply the money. Appellant denied that he had so agreed, and insisted that the appellees, to induce him to pay the $105, agreed that if the appellant would make such payment upon the lumber bill they would loan the money so paid to McGlothlin Bros. to enable them to pay their hands, and thereupon he drew a check upon a bank for the $105, and gave it to the appellees, who, in his presence, delivered it to McGlothlin. The parties stated and re-stated to each other their respective claims, and the appellant finally announced that he would pay the balance of the lumber bill on condition that the $105 formerly paid should be treated as a payment by him to the appellees upon such bill. The appellees thereupon accepted and the appellant paid to them $311.50, the amount of the lumber bill less the said sum of $105, and the appellee firm executed and delivered to the appellant a receipt in writing for that sum as in full for the lumber bill of McGlothlin Bros. As to this the appellee Smith, who acted for his firm, testified : " I gave him a receipt in full when he came to pay the lumber bill, because he would not pay any of it unless

we did.  *  *  *  We thought we had better sue for a part of it than for the whole and gave him a receipt in full." This was an action in assumpsit, brought by the appellee to recover the disputed sum of $105, as being due then upon the lumber bill, or for money paid by them to McGlothlin Bros. under authority of the alleged agreement with the appellee. This is an appeal from a judgment rendered against the appellant in the action. The court instructed the jury in effect that, although the plaintiff had given a receipt in full, yet if the jury believed from the evidence that the appellant, when the $105 was paid, agreed and contracted that the money so paid should be applied by the appellees in discharge of the bills due the workmen, and that the money was so applied, then the receipt in full might be disregarded by the jury, and refused the following instructions asked by the appellant:

5. If you find from the evidence that at the time the receipt in evidence, dated February 1, 1892, was given, which purports to be a receipt in full for lumber bill from plaintiffs to the defendant on the bill of McGlothlin Bros., that there was a dispute between the parties as to whether or not the defendant was liable for the further and other sum of $105, the plaintiffs claiming that the defendant owed that sum, and the defendant denying it, and if the evidence shows that on the defendant paying all the claim of the plaintiffs except the said disputed sum of $105, that the plaintiffs gave him a receipt in full, then they, the plaintiffs, will be bound by said receipt as to said disputed sum of $105. And if the evidence shows that this suit is for said disputed sum of $105, and for nothing else, then your verdict should be for the defendant.

6. If you find from the evidence that at the time of giving the receipt, dated February 1, 1892, purporting to be in full for lumber bill, that Stice would not agree to pay the $105 in dispute in this case, and if the evidence further shows that Smith, with full knowledge of the fact that Stice refused to pay the same, accepted the balance of his claim for lumber, not disputed by Stice, gave a receipt in full, with the

Stice v. Smith.

purpose of afterward suing Stice for the same, then, under such facts, Smith would be bound by such receipt, and your verdict should be for the defendant.

HERBERT G. WHITLOCK, attorney for appellant.

M. T. LAYMAN, attorney for appellees.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

It appeared without dispute from the testimony in behalf of the appellees as well as that for the appellant that the parties hereto came together voluntarily for the purpose of endeavoring to adjust unsettled items of account between them. The claim for which this judgment was rendered was brought forward by the appellees, and all that pertained to it as a just demand in their favor was debated, and duly considered by the parties together, with all that the appellant had to urge against his liability to account to the appellees for it. Appellant finally offered to pay the sum of $311.50 upon the basis that he be relieved of the alleged liability as to this particular item sued for. The appellees accepted the money upon that basis and can not be allowed to say that they did so with a mental reservation to the contrary. The open account previously existing became thereby settled, and the adjustment then made became conclusive in the absence of fraud, inaccuracy, omission or mistake. 1 Amer. and Eng. Ency. of Law, 109; Gage v. Parmelee, 87 Ill. 329. It was not contended that either of these grounds for opening the account existed. We think instructions Nos. 5 and 6, asked in behalf of appellant, should have been given, and those given in behalf of appellees, based upon the opposing theory, should have been refused. The judgment must, we think, be reversed and the cause remanded.